ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- v. -

ARNALDO URBINA SOTO,
CARLOS FERNANDO URBINA SOTO, and
MIGUEL ANGEL URBINA SOTO,

         Defendants.

- - - - - - - - - - - - - - - - - - - X

**INDICTMENT**

**18 CRIM 497**

**COUNT ONE**
**(Cocaine Importation Conspiracy)**

The Grand Jury charges:

OVERVIEW

1. From at least in or about 2004, up to and including in or about 2014, multiple drug-trafficking organizations in Honduras and elsewhere worked together, and with support from certain prominent public and private individuals, including Honduran politicians and law enforcement officials, to receive multi-hundred-kilogram loads of cocaine sent to Honduras via air and maritime routes from, among other places, Venezuela and Colombia. The cocaine shipments were transported westward within Honduras toward the border with Guatemala and eventually imported into the United States, often in coordination with high-ranking members of Mexico's Sinaloa Cartel.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 7 2018

2. From at least in or about 2005, up to and including in or about 2014, ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, operated one such Honduran drug-trafficking organization, which was based in Yoro, Honduras, where ARNALDO URBINA SOTO acted as mayor between in or about 2009 and in or about 2014.

3. From at least in or about 2005, up to and including in or about 2014, ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, capitalized on their power in the Yoro Department and aligned with other major Honduran criminal syndicates, such as the *Cachiros* and the Copan-based group led by Miguel Arnulfo Valle Valle and Luis Alonso Valle Valle, to receive cocaine-laden aircraft at various locations in Honduras, including clandestine airstrips in remote areas as well as public roads in the vicinity of Yoro. ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO coordinated -- and at times personally joined -- heavily armed security details that oversaw the unloading of the planes and the transportation of the illicit cargo in connection with the process of importing massive quantities of cocaine into the United States.

<u>STATUTORY ALLEGATIONS</u>

4. From at least in or about 2005, up to and including in or about 2014, in Honduras and elsewhere, and in an offense

begun outside of the jurisdiction of any particular State or district of the United States, ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, who are expected to be first brought to and arrested in the Southern District of New York, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

     5. It was a part and an object of the conspiracy that ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

     6. It was further a part and an object of the conspiracy that ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, and others known and unknown, would and did manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the

coast of the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

7. It was further a part and an object of the conspiracy that ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, and others known and unknown, would and did manufacture, distribute, and possess a controlled substance on board an aircraft registered in the United States, in violation of Title 21, United States Code, Sections 959(c) and 960(a)(3).

8. The controlled substance that ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, conspired to (a) import into the United States and into the customs territory of the United States from a place outside thereof, (b) manufacture and distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, and (c) manufacture, distribute, and possess on board an aircraft registered in the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric

4

isomers, and salts of isomers, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Sections 959 and 963; and
Title 18, United States Code, Section 3238.)

## COUNT TWO
### (Possession of Machineguns and Destructive Devices)

The Grand Jury further charges:

9.  Paragraphs One through Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

10.  From at least in or about 2005, up to and including in or about 2014, in Honduras and elsewhere, and in an offense begun outside of the jurisdiction of any particular State or district of the United States and for which one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, CARLOS FERNANDO URBINA SOTO and MIGUEL ANGEL URBINA SOTO, the defendants, who are expected to be first brought to and arrested in the Southern District of New York, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, knowingly used and carried firearms, and, in furtherance of such crime, possessed firearms, and aided and

abetted the use, carrying, and possession of firearms, to wit, machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code,
Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT THREE
### (Conspiracy to Possess Machineguns and Destructive Devices)

The Grand Jury further charges:

11.  Paragraphs One through Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

12.  From at least in or about 2005, up to and including in or about 2014, in Honduras and elsewhere, and in an offense begun outside of the jurisdiction of any particular State or district of the United States, ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, who are expected to be first brought to and arrested in the Southern District of New York, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

13. It was a part and an object of the conspiracy that ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, and others known and unknown, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, would and did use and carry firearms, and, in furtherance of such drug trafficking crime, possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

### FORFEITURE ALLEGATION
(As to Count One)

14. As a result of committing the controlled substance offense charged in Count One of this Indictment, ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the offense, and any and all property used, or intended to be used, in

any manner or part, to commit, and to facilitate the commission of the offense charged in Count One of this Indictment.

## FORFEITURE ALLEGATION
(As to Counts Two and Three)

15. As a result of committing the firearms offenses charged in Counts Two and Three of this Indictment, ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Two and Three of this Indictment.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of ARNALDO URBINA SOTO, CARLOS FERNANDO URBINA SOTO, and MIGUEL ANGEL URBINA SOTO, the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which

cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 & 970; and
Title 28, United States Code, Section 2461(c).)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ARNALDO URBINA SOTO,
CARLOS FERNANDO URBINA SOTO, and
MIGUEL ANGEL URBINA SOTO,

Defendants.

INDICTMENT

(21 U.S.C. §§ 959, 963; and
18 U.S.C. §§ 924, 3238, 2.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

_____ Foreperson.

July 17, 2018

Filed Indictment. Case assigned to Judge Cote.
U.S.M.J. Debra Freeman